ORDER DISMISSING APPEAL AND REMANDING TO TRIAL COURT
JANE M. SMITH, Chief Justice.
On January 23, 2012, Appellee filed a Motion to Remand to the Trial Court or in the Alternative For a Continuance. While the caption and text of the Motion request a “remand”, the essence of the Motion is a request that the Court of Appeals stay the appeal in this matter while the parties attempt to negotiate a settlement under the supervision and jurisdiction of the trial court, such settlement proceedings having commenced prior to the issuance of this Court’s November 22, 2011 Scheduling Order.
On February 2, 2012, a declaration of the Appellant[1] was filed indicating that Appellant agrees “with the terms of the motion, which is to stay the appellate proceedings so we can continue to attempt resolution of this case without further court intervention.”
The Court of Appeals takes notice that the trial court has issued a series of orders staying its own writ of restitution in this matter, continuing the hearing on damages, and scheduling and continuing status conferences regarding the negotiations.[2] In support of its uncontested Motion, Appellant cites TO 49.4.4.2, which provides that the trial court may grant a stay of execution of its judgment pending an appeal. However, TO 49.4.4.2 does not effect a stay of the appeal quite the contrary, TO 49.4.4.2 is designed to provide appellees security while appeals proceed and we find nothing in the Tulalip Rules of Civil Procedure or Appellate Procedure that allow the trial court to reassume jurisdiction over the subject matter of an appeal once a final judgment has been issued and an appeal has been filed. The Tulalip court rules do not provide for two tribunals to have concurrent jurisdiction over the same subject matter because to do so would be a waste of judicial resources and could result in conflicting court orders. Thus, while the parties may have had a sound basis in the rules for requesting a continuance of the hearing on damages, we find no basis in the rules for the parties to petition the trial court to reassume jurisdiction over the writ of restitution without first petitioning this Court to relinquish its jurisdiction over that subject.
Based on the foregoing, we hold that it was error for the trial court to reassume ongoing jurisdiction over the writ of restitution as it did. This holding, however, does not answer the question of how best to proceed in light of the ongoing settlement negotiations and the Motion now before this Court. Further complicating matters, Appellee’s uncontested Motion requests both a “stay” and a “remand,” which are mutually exclusive.[3]
*395 It is clear that the parties desire to continue to pursue their settlement negotiations under the supervision and jurisdiction of the trial court.[4] The Tulalip Rules of Civil Procedure provide that “[o]n motion and upon such terms as are just, and within a reasonable time after the judgment or order at issue has been entered, the [trial] Court may relieve a party .. . from a final judgment, order or proceeding for ... any [ ] reason justifying relief from the operation of the judgment.” TO -19.2.17. Although not styled as such, the parties’ September 23, 2011 motion requesting the trial court to stay execution of its writ of restitution was, for all intents and purposes, a preliminary step towards an order relieving Appellant from the trial court’s judgment and order.
The goals of the Tulalip Court rules include securing “the just, speedy, and inexpensive determination of every civil action” and securing “simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.” TO 49.1.3.1. We conclude that these goals will best be served by having the trial court, rather than the Court of Appeals, supervise the settlement negotiations and exercise continuing jurisdiction over this matter. For these reasons, the parties’ mutual failure to file briefs in this appeal is excused; the oral argument scheduled for February 24, 2012 is can-celled; the appeal is dismissed; and this matter is remanded to the trial court for further proceedings consistent with this Order.
The trial court is to treat the parties’ September 23, 2011 motion for a stay as if it were a motion for relief from judgment under TO 49.2.17. Because the trial court’s August 18 Order and Writ of Restitution included several specific dates that have already passed, by staying the writ, the trial court has in effect already granted partial relief (in the form of an extension of time) from its judgment. At the conclusion of the negotiations between Appellant and Appellee, or such other time as the trial court deems appropriate, the trial court shall issue a formal, written order as to whether or not Appellant is relieved from the court’s August 18, 2011 Order and Writ of Restitution. Because various specific dates in the August 18 Order and Writ have already passed, the trial court is prohibited from merely lifting the stay of that Order and Writ. Instead, if the negotiations are unsuccessful and Appellant is not relieved form the judgment for restitution of the premises, the trial court must issue a new, revised Order and Writ. If the trial Court does deny relief from judgment and issues a revised writ of restitution, it shall enter those orders on the same date.
Appellant retains the right to appeal any future final orders of the trial court. If Appellant chooses to do so, she is required to file and serve a new notice of appeal within the time frame set forth in the Tulalip Appellate Rules, and otherwise fully comply with all rules for appeals as set forth in Title IV of Tribal Ordinance 49.
IT IS SO ORDERED.

. The caption misidentifies the declarant as Charlotte Jones, although the text and signature correctly identify the Appellant/declarant as Charlotte Smith.

. The Court of Appeals was not made aware of the ongoing proceedings before the trial court until after we issued our November 22, 2011 Scheduling Order for the appeal.

.A "stay” is a "temporary suspension of the regular order of proceedings in a cause.” Black’s Law Dictionary, Sixth Edition. A stay being temporary in nature, the court issuing the stay necessarily retains jurisdiction over the proceedings. A "remand" however, involves sending the matter back to the trial court for the trial court to decide. Id. Thus, a *395 remand necessarily ends the jurisdiction of the court issuing the remand.

. It is not at all dear that Appellant’s February 2, 2012 Declaration indicates consent to having her current appeal dismissed. However, because this Order expressly requires the trial court to issue additional orders and expressly preserves Appellant's right to file a new appeal if her negotiations with the Housing Department are unsuccessful, Appellant is in no way prejudiced by having her current appeal dismissed.